# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

ANNMARIE L. MAHNKE,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

No. 16-CV-60-LRR

**ORDER**

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Commissioner of Social Security's ("Commissioner") Objections (docket no. 17) to United States Magistrate Judge Kelly K.E. Mahoney's Report and Recommendation (docket no. 16), which recommends that the court reverse the Commissioner's final decision denying disability benefits to Plaintiff Annmarie L. Mahnke and remand the case for further proceedings.

## *II. PROCEDURAL HISTORY*

On April 27, 2016, Mahnke filed the Complaint (docket no. 3), seeking judicial review of the Commissioner's final decision denying disability benefits. On July 11, 2016, the Commissioner filed an Answer (docket no. 8). On October 10, 2016, Mahnke filed the Plaintiff's Brief (docket no. 12). On October 21, 2016, the Commissioner filed the Defendant's Brief (docket no. 13). On January 3, 2017, this matter was assigned to Judge Mahoney for issuance of a report and recommendation. On June 6, 2017, Judge Mahoney filed the Report and Recommendation. On June 13, 2017, the Commissioner filed the Objections. On June 27, 2017, Mahnke filed a Response (docket no. 18) to the Objections. The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

### A. *Review of Final Decision*

When the Commissioner adopts an Administrative Law Judge's ("ALJ") findings and conclusions as its final decision, the final decision is subject to judicial review. *See* 42 U.S.C. § 405(g). The court will "affirm the Commissioner's decision if supported by substantial evidence on the record as a whole." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). "Substantial evidence is 'less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion.'" *Id.* (alteration omitted) (quoting *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)). In determining whether substantial evidence supports the Commissioner's decision, the court "consider[s] the evidence that supports the Commissioner's decision as well as the evidence that detracts from it." *Jones*, 619 F.3d at 968 (8th Cir. 2010) (quoting *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010)). A court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choice.'" *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007) (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)). "If, after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions," the court must affirm the Commissioner's decision. *Anderson*, 696 F.3d at 793.

When reviewing the Commissioner's decision, the court "must judge the propriety of such action solely by the grounds invoked by the agency" and may not affirm the decision based on a post hoc rationale that "it considers to be a more adequate or proper basis." *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also, e.g.*, *Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014) (applying *Chenery* analysis in context of social security benefits); *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (same); *Strom v. Astrue*, Civil No. 07-150, 2008 WL 583690, at *27 (D. Minn. Mar. 3, 2008) (same). In other words, "'a reviewing court may not uphold an agency

decision based on reasons not articulated by the agency,' when 'the agency has failed to make a necessary determination of fact or policy' upon which the court's alternative basis is premised." *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) (alterations omitted) (quoting *Healtheast Bethesda Lutheran Hosp. & Rehab. Ctr. v. Shalala*, 164 F.3d 415, 418 (8th Cir. 1998)).

### *B. Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must determine de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court reviews the unobjected-to portions of the proposed findings or recommendations for "plain error." *See United States v. Rodriguez*, 484 F.3d 1006, 1010-11 (8th Cir. 2007) (noting that, where a party does not file objections to a magistrate's report and recommendation, the party waives the right to de novo review and the court will review the decision for plain error).

## IV. ANALYSIS

The Commissioner objects to Judge Mahoney's determination that the ALJ's failure to address whether Mahnke demonstrated a medical equivalency to Listing § 12.05C[1] was reversible error. *See generally* Objections. The Commissioner does not contend that the ALJ in fact considered the issue, but instead argues that substantial evidence in the record nevertheless establishes that Mahnke cannot make the requisite showing—citing to various evidence in the Administrative Record ("AR") as support. *Id.* at 3-9.

After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record below, the court overrules the Commissioner's objections. The record includes evidence of Mahnke's severe impairments (including organic mental disorder, schizoaffective disorder, affective disorder and anxiety disorder), "moderate" difficulties in a long list of task-based situations and an IQ score of 72 (a near miss of the range in Listing § 12.05C), yet the ALJ failed to discuss Mahnke's medical equivalence to Listing § 12.05C—and, in fact, failed to discuss Listing § 12.05 in any capacity. *See* AR (docket no. 9-2) at 12-13, AR (docket no. 9-7) at 308; *see also Hesseltine v. Colvin*, 800 F.3d 461, 465 (8th Cir. 2015) (recognizing that IQ scores "within the 70-75 range . . . render [the claimant] eligible for an equivalency finding under the POMS ["Program Operations Manual System"] guidelines for Listing 12.05C," and remanding for further proceedings where ALJ summarily found no medical equivalence to Listing § 12.05C without engaging in substantive discussion on the topic). In the absence of a medical equivalence determination

---

[1] Listing § 12.05 defines the criteria for establishing an intellectual disability for purposes of entitlement to social security benefits. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. During the time period relevant to the instant case, Listing § 12.05C required evidence of "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C (2016).

from the ALJ, the court declines to substitute the Commissioner's post hoc rationale as a guess for what the ALJ would conclude. *See Strom*, 2008 WL 583690, at *27 (recognizing that remand is "required" when there is "no showing" that the ALJ applied "the framework mandated by the Social Security Regulations"); *see also* 20 C.F.R. § 404.1526(b) (guiding medical equivalence determinations). Accordingly, the court reverses the Commissioner's final decision and remands the case to the Social Security Administration for further proceedings consistent with this order and the Report and Recommendation. *See Shelton v. Colvin*, 14-CV-122-LRR, 2016 WL 916431, at *7-*8 (N.D. Iowa Mar. 10, 2016) (remanding for further proceedings where the ALJ failed to address the relevant guidelines or determine whether a near-miss IQ and other impairments rendered the claimant medically equivalent to Listing § 12.05C); *Wise v. Colvin*, 2013 WL 2243875, at *12 (N.D. Iowa May 21, 2013) (same).

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

(1) The Objections (docket no. 17) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 16) is **ADOPTED**; and

(3) The matter is **REVERSED** and **REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g) for further proceedings.

**IT IS SO ORDERED.**

**DATED** this 7th day of August, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA